**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MONSERRATE M. ZAPATA,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 12-6688** |
| | : | |
| **v.** | : | |
| | : | |
| **COMMONWEALTH OF PA., et al.** | : | |
| **Defendants.** | : | |
| | : | |

**MEMORANDUM OPINION AND ORDER**

**Rufe, J.**                                                                                                  **April 3, 2013**

      Plaintiff filed this action alleging that the state and federal government deprived him of certain civil rights under the First and Fourteenth Amendments in connection with his indictment and conviction more than forty years ago.  Defendant United States Attorney for the Eastern District of Pennsylvania filed a Motion to Dismiss, arguing, *inter alia*, that Plaintiff's claims are time barred.

      Plaintiff alleges that the Commonwealth of Pennsylvania is liable for "willful falsification and encorcement [sic] of court-room-record-fraud and continued concealment" and racial discrimination in sentencing him, in 1971, to 12 years in prison and 24 years of probation for two homicides that occurred on November 7, 1970.[1]  He alleges that he had a preliminary hearing before Judge Joseph E. Gold, and was taken before the grand jury on December 23, 1970.  Plaintiff alleges that he was not present when the grand jury indicted him.  The bill of indictment was issued by Magistrate Morris J. Starr, also outside of Plaintiff's presence.  Plaintiff now argues, in his Complaint, that the preliminary proceedings were insufficient for the grand jury to make a finding and that these proceedings improperly occurred outside his presence.

      Plaintiff alleges that he pled not guilty at an arraignment before Judge Theodore S.

---

[1] Compl. ¶ 2 (emphasis omitted).  Plaintiff admits to shooting both men.  Compl. at 5.

Gutowicz on March 29, 1071, and then proceeded to a trial before Judge Gutowicz. Plaintiff alleges that Judge Gutowicz presided over his double-homicide trial without adequate experience as a homicide trial judge. After the jury reached its verdict, Plaintiff was sentenced on September 21, 1971. Plaintiff alleges that the sentence (12 years imprisonment) was inconsistent with the jury's verdict, as the jury acquitted him of second degree murder, improperly finding him guilty of voluntary manslaughter which was not charged in the indictment.

Plaintiff alleges that the United States Attorney's Office for the Eastern District of Pennsylvania ignored Plaintiff's complaints about Pennsylvania's violations of his civil rights and allowed the state to "contaminate the federal courts with FRAUD."[2] These complaints were allegedly made in 1973.[3]

As more than 40 years have passed since the alleged wrongs occurred, and Plaintiff sets forth no grounds for tolling the statute of limitations,[4] Plaintiff's claims against the moving Defendant, the United States Attorney's Office, will be dismissed with prejudice as time barred. In addition, the Court will dismiss with prejudice all claims against the recently served Commonwealth of Pennsylvania and the unserved John Doe defendants, as it is clear from the face of the Complaint that Plaintiff's claims against all defendants are time barred..

---

[2] Compl. ¶ 3.

[3] Doc. No. 9 at 1.

[4] In response to Defendant's motion to dismiss the Complaint as time barred, Plaintiff alleges that Defendants fraudulently concealed their wrongdoing, so that Plaintiff was only recently put on notice that his right of action accrued. However, he does not indicate what was concealed, or when and how it came to light, and, moreover, he inconsistently argues that in 1973 he complained of the same conduct alleged in the present Complaint. As the statute of limitations has long since expired, Plaintiff's claims are time barred.